UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CIVIL CASE NO.: 0:18-cv-62374-DMM

GEMA VILCHEZ,

        Plaintiff,

vs.

CAPITAL MANAGEMENT SERVICES, L.P.,

        Defendant.
_____/

## ANSWER OF CAPITAL MANAGEMENT SERVICES, L.P.

Defendant Capital Management Services, L.P. ("CMS"), as and for its Answer to the Complaint ("Complaint") of Gema Vilchez ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

NATURE OF ACTION

1. In response to paragraph 1 of Plaintiff's Complaint, CMS admits that Plaintiff purports to summarize the Fair Debt Collections Practices Act ("FDCPA"). CMS denies paragraph 1 of Plaintiff's Complaint to the extent that the summary is inaccurate. CMS further denies that it violated the law.

2. In response to paragraph 2 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote the FDCPA. CMS denies paragraph 2 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

3. In response to paragraph 3 of Plaintiff's Complaint, CMS admits that Plaintiff purports to summarize the FDCPA. CMS denies paragraph 3 of Plaintiff's Complaint to the extent that the summary is inaccurate. CMS further denies that it violated the law.

1

4. In response to paragraph 4 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote the FDCPA. CMS denies paragraph 4 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

5. In response to paragraph 5 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote the FDCPA. CMS denies paragraph 5 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

6. In response to paragraph 6 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote and summarize the FDCPA. CMS denies paragraph 6 of Plaintiff's Complaint to the extent that the quotation or summary is inaccurate. CMS further denies that it violated the law.

7. In response to paragraph 7 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote the Florida Consumer Collection Practices Act ("FCCPA"). CMS denies paragraph 7 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

8. In response to paragraph 8 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote the FCCPA. CMS denies paragraph 8 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

9. In response to paragraph 9 of Plaintiff's Complaint, CMS admits that Plaintiff purports to summarize the FCCPA. CMS denies paragraph 9 of Plaintiff's Complaint to the extent that the summary is inaccurate. CMS further denies that it violated the law.

10. CMS denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

11. In response to paragraph 11 of Plaintiff's Complaint, CMS admits that the statutes referenced ordinarily confer jurisdiction upon this Honorable Court, but denies that it violated

any law that would subject it to such jurisdiction. CMS further denies that Plaintiff has standing under Article III of the United States Constitution.

12. In response to paragraph 12 of Plaintiff's Complaint, CMS admits that the statute referenced ordinarily confers supplemental jurisdiction upon this Honorable Court, but denies that it violated any law that would subject it to such jurisdiction.

13. In response to paragraph 13 of Plaintiff's Complaint, CMS admits that it has directed collection efforts toward this District, but lacks sufficient information and knowledge to either admit or deny the allegation that venue is proper.

## PARTIES

14. CMS lacks sufficient information and knowledge to either admit or deny the allegations in paragraph 14 of Plaintiff's Complaint.

15. In response to paragraph 15 of Plaintiff's Complaint, CMS admits that it has an office located in Buffalo, NY but denies that it is a Delaware corporation. CMS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. In response to paragraph 16 of Plaintiff's Complaint, CMS admits that it engages in interstate commerce and that it regularly uses the telephone and mail to engage in the business of debt collection. CMS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. CMS lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. In response to paragraph 18 of Plaintiff's Complaint, CMS denies that it is a corporation. CMS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 18 of Plaintiff's Complaint.

## FACT ALLEGATIONS

19. In response to paragraph 19 of Plaintiff's Complaint, CMS admits that Plaintiff owes a debt to Barclays Bank Delaware. CMS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 19 of Plaintiff's Complaint.

20. CMS lacks sufficient information and knowledge to either admit or deny paragraph 20 of Plaintiff's Complaint.

21. CMS lacks sufficient information and knowledge to either admit or deny paragraph 21 of Plaintiff's Complaint.

22. CMS lacks sufficient information and knowledge to either admit or deny paragraph 22 of Plaintiff's Complaint.

23. In response to paragraph 23 of Plaintiff's Complaint, CMS admits that it attempted to collect a debt from Plaintiff. CMS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. In response to paragraph 24 of Plaintiff's Complaint, CMS admits that it sent a collection letter to Plaintiff on October 5, 2017, a copy of which is attached to the Complaint as Exhibit A. CMS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. CMS admits the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. CMS lacks sufficient information and knowledge to either admit or deny paragraph 26 of Plaintiff's Complaint.

27. CMS denies the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. In response to paragraph 28 of Plaintiff's Complaint, CMS admits that its letter dated October 5, 2017 does not state or suggest that the debt is accruing interest, fees or costs.

29. CMS denies the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. CMS denies the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. In response to paragraph 31 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote various court decisions. CMS denies paragraph 31 of Plaintiff's Complaint to the extent that the quotations are inaccurate. CMS further denies that it violated the law.

32. In response to paragraph 32 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote various court decisions. CMS denies paragraph 32 of Plaintiff's Complaint to the extent that the quotations are inaccurate. CMS further denies that it violated the law.

33. In response to paragraph 33 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote court decisions. CMS denies paragraph 33 of Plaintiff's Complaint to the extent that the quotations are inaccurate. CMS further denies that it violated the law.

34. In response to paragraph 34 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote a court decision. CMS denies paragraph 34 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

35. In response to paragraph 35 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote a court decision. CMS denies paragraph 35 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

36. In response to paragraph 36 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote various court decisions. CMS denies paragraph 36 of Plaintiff's Complaint to the extent that the quotations are inaccurate. CMS further denies that it violated the law.

37. In response to paragraph 37 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote a court decision and summarize the law. CMS denies paragraph 37 of Plaintiff's Complaint to the extent that the quotation or summary is inaccurate. CMS further denies that it violated the law.

38. In response to paragraph 38 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote a court decision. CMS denies paragraph 38 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

39. In response to paragraph 39 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote court decisions. CMS denies paragraph 39 of Plaintiff's Complaint to the extent that the quotations are inaccurate. CMS further denies that it violated the law.

## COUNT I

40. In response to paragraph 40 of Plaintiff's Complaint, CMS adopts by reference paragraphs 1 through 39 of this Answer as though they were fully set forth herein.

42. CMS denies the allegations as set forth in paragraph 42 of Plaintiff's Complaint.[1]

43. In response to paragraph 43 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote and summarize FDCPA. CMS denies paragraph 43 of Plaintiff's Complaint to the extent that the quotation or summary is inaccurate. CMS further denies that it violated the law.

44. In response to paragraph 44 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote the FDCPA. CMS denies paragraph 44 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

45. In response to paragraph 45 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote the FDCPA and court decisions. CMS denies paragraph 45 of Plaintiff's Complaint to the extent that the quotations are inaccurate. CMS further denies that it violated the law.

46. In response to paragraph 46 of Plaintiff's Complaint, CMS denies that Plaintiff's debt was accruing interest, fees or costs during the period in which CMS attempted to collect it.

---

[1] Plaintiff's Complaint does not contain a 41st paragraph.

CMS lacks sufficient information and knowledge to either admit or deny the remaining allegations set forth in paragraph 46 of Plaintiff's Complaint.

47. In response to paragraph 47 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote court decisions. CMS denies paragraph 47 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

48. In response to paragraph 48 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote court decisions. CMS denies paragraph 48 of Plaintiff's Complaint to the extent that the quotations are inaccurate. CMS further denies that it violated the law.

49. CMS denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. In response to paragraph 50 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote a court decision. CMS denies paragraph 50 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

51. CMS denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. In response to paragraph 52 of Plaintiff's Complaint, CMS admits that Plaintiff purports to quote a court decision. CMS denies paragraph 52 of Plaintiff's Complaint to the extent that the quotation is inaccurate. CMS further denies that it violated the law.

53. CMS denies the allegations set forth in paragraph 53 of Plaintiff's Complaint.

54. Plaintiff's Complaint does not contain a paragraph 54.

55. CMS denies the allegations set forth in paragraph 55 of Plaintiff's Complaint.[2]

56. CMS lacks sufficient information and knowledge to either admit or deny the allegations set forth in paragraph 56 of Plaintiff's Complaint.

57. CMS denies the allegations set forth in paragraph 57 of Plaintiff's Complaint.

58. CMS denies the allegations set forth in paragraph 58 of Plaintiff's Complaint.

---

[2] Plaintiff's Complaint does not contain a 54th paragraph.

DEMAND FOR JURY TRIAL

59. In response to paragraph 59 of Plaintiff's Complaint, CMS admits that Plaintiff requests a jury trial but denies that Plaintiff is entitled to the same because CMS did not violate any law.

PRAYER FOR RELIEF

60. CMS denies that Plaintiff is entitled to any relief requested in the Complaint's Prayer for Relief, including each of its subparts.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

To the extent that any violation(s) of state or federal law is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such error. CMS employs policies and procedures designed to ensure that it accurately conveys the balance of the debts it seeks to collect. CMS employs policies and procedures to ensure compliance with all applicable law. These policies are reasonably adapted to avoiding the violations of law Plaintiff purports to allege in the Complaint.

SECOND AFFIRMATIVE DEFENSE

Any violation of the law or damage suffered by Plaintiff, which CMS denies, was due to the affirmative actions and/or omissions of Plaintiff or others and does not give rise to any liability of CMS.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims fail, in whole or in part, for lack of standing and/or lack of subject matter jurisdiction because he has not sustained any cognizable injury or damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, by laches, unclean hands, waiver, estoppel or failure to mitigate damages (if any).

### SIXTH AFFIRMATIVE DEFENSE

Any violation of the law, which CMS denies, was not material.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim may be within the scope of an arbitration provision, requiring Plaintiff to pursue this claim in that forum.

### RESERVATION

CMS reserves the right to plead additional defenses or otherwise amend its Answer pursuant to Fed. R. Civ. P. 8(c) and 12(b) and as may be revealed through discovery and upon further particularization of Plaintiff's claims.

WHEREFORE, CMS, prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against CMS with prejudice and on the merits; and,

2. Awarding CMS such other and further relief as the Court deems just and equitable.

Dated: October 29, 2018    /s/Ronald S. Canter
Ronald S. Canter, Esquire
Bar # 335045
The Law Offices of Ronald S. Canter, LLC
200A Monroe Street, Suite 104
Rockville, Maryland 20850
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
rcanter@roncanterllc.com
*Attorney for Defendant*

*Local address:*
400 S. Dixie Hwy #322
Boca Raton, Florida 33432

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that a true and correct copy of the foregoing was served upon the individual(s) listed below by electronic notification via the CM/ECF system on this 29th day of October, 2018:

Jibrael S. Hindi, Esq.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301

*Counsel for Plaintiff*

/s/Ronald S. Canter
Ronald S. Canter
*Attorney for Defendant*